Gustave Fishel, III, Esq. Fishel, Loughlin Bowers, Esqs. Village Attorneys, Ocean Beach
You inquire about the procedure for implementing a change in the date of the general village election. Your village is contemplating a change from the current election date, the third Tuesday in June, to the third Friday in May.
In accordance with section 9-912 of the Village Law, the board of trustees may on its own and must upon the filing of a petition with the requisite number of signatures submit to voter referendum the question of whether the date of the general village election should be changed. If approved, the proposition to change the date of the general village election becomes effective as to elections held more than sixty days following its adoption (Election Law, § 15-104 [2]). The term of any officer elected at the same election at which the proposition is adopted or elected not more than sixty days after such adoption is extended to accommodate transition to the new general election date (ibid.). The terms of existing officeholders whose successors are to be elected more than sixty days after the adoption of the proposition are similarly extended (ibid.).
In essence, you inquire whether section 15-104 applies to a change in the date of the general village election to an earlier date, such as what your village contemplates. If section 15-104 applies, the transition to the May election date would be made by extending the terms of certain officeholders by eleven months from July 1 to June 1. If it does not apply, the transition might be accomplished by reducing the terms of certain officeholders by one month.
We believe that section 15-104(2) by its language, which includes no limitations, applies to any change in the date of the general village election, requiring that the terms of certain officeholders be "extended" to accomplish the transition to the new election date. Moreover, the general village election is to be held on the third Tuesday in March except in villages that have changed the date to the third Tuesday in June (15-104 [1] [a]) or to a date other than the March or June dates (15-104 [1] [b]). (Section 15-104 [1] [b] is a reference to section9-912 of the Village Law, which authorizes a change in the date of the general village election.) The fact that subdivision 1 of section 15-104 recognizes that a village may change the date of the general village election to any other date is evidence of a legislative intent that the procedure provided by subdivision 2 of section 15-104 applies toany change.
You ask whether the term of the village justice may be extended or diminished to change the time when the election is held for this office. The terms of village justices are required to be prescribed by the State Legislature (NY Const, Art 6, § 17d). The Legislature has set the term of office of village justices at four official years (Village Law, § 3-302 [3]). In providing the procedure for changing the date of the village election, the Legislature has authorized the extension of the term of any village officer, which includes the village justice (Election Law, § 15-104 [2]).
A change in the date of the general village election is effectuated by extending the terms of village officeholders. The term of a village justice is similarly extended.